**XUE JUAN WANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 06–0055–AG.**

United States Court of Appeals, Second Circuit.

July 12, 2006.

148

Michael Brown, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson and Jessie K. Liu, Assistant United States Attorneys, Washington, DC, for Respondent.

Present PIERRE N. LEVAL, GUIDO CALABRESI, SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

Xue Juan Wang petitions for review of the BIA's January 4, 2006 decision in which the BIA affirmed Immigration Judge ("IJ") William F. Jankun's order denying Wang's applications for asylum, withholding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). To establish asylum eligibility based on a well-founded fear of future persecution, an applicant must show that he or she subjectively fears persecution and that this fear is objectively reasonable. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir. 2004). Furthermore, this Court presumes that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise. Xiao Ji Chen v. U.S. Dep't of Justice, 434 F.3d 144, 159 n. 13 (2d Cir.2006).

Wang claimed that she fears she will be persecuted upon her return to China because she aided Falun Gong practitioners, including her mother, to escape arrest by the police and because, after she was arrested for her obstruction and was subsequently released after promising she would locate and report her mother's whereabouts to the police, she hid and later fled China. The IJ concluded that Wang had failed to establish a nexus between her claim that the police were looking for her because she failed to divulge her mother's location and one of the five protected grounds. In making this decision, the IJ specifically discredited Wang's claims, stating that they were "negated by the fact that her father and brother have not been

threatened with detention by the authorities" and the police have not "bother[ed] her father or brother who would have just as much knowledge about where her mother is as she would." The IJ's determination with respect to this claim is not supported by substantial evidence. The IJ ignored Wang's testimony that police are still looking for her in China and have threatened her father with arrest if he does not divulge the location of both her and her mother. Furthermore, the IJ disregarded and failed to address Wang's claim that the police want to arrest her because she aided Falun Gong members, including her mother, in a way her father had not, by her actively obstructing the police's arrest of her mother and other Falon Gung practitioners. Nowhere in his decision does the IJ address the validity of these claims. Assuming Wang's credibility, there is an apparent connection between why the police are looking for Wang because of her affiliation with Falun Gong practitioners.

Next, the IJ found that, even if Wang had established a nexus, her claim that the police are still looking for her was further negated by the fact (1) her father was able to obtain a new identification card for her in China; and (2) she was not stopped when she left China with a passport in her own name. Although the IJ did address Wang's explanation for these events, the IJ stated no basis in the record for his conclusion that China's government bureaucracy is capable of and in the practice of having local officials report wanted individuals to identification card centers and to airport inspection authorities.

Because the background material indicates that persecution of Falun Gong practitioners is prevalent in China and there is strong evidence that the Chinese government has imputed Wang with the political opinion attributed to Falun Gong practi-

tioners for having hid her mother and refusing to cooperate with authorities, the IJ needed to give more explanation than he did as to why Wang has not met her burden of proof. While this Court generally presumes that the agency has taken into account all evidence before it, and does not require it to expressly address each individual piece of evidence, the agency is required to take into account significant factual allegations offered by the petitioner. See Xiao Ji Chen, 434 F.3d at 159 n. 13. Because the IJ did not do so here, this case will be remanded.

At the same time, the IJ reasonably concluded that Wang was not likely to be persecuted on account of one of the protected grounds due to her illegal departure from China. Although Chinese law does provide for imprisonment if a person illegally departs the country, the possibility that an individual may suffer prosecution for violating a generally applicable statute does not, by itself, constitute a valid basis for granting asylum. See Qun Yang v. McElroy, 277 F.3d 158, 163 n. 5 (2d Cir. 2002) (per curiam). Lastly, because Yang did not present and meaningfully argue her CAT claim in her petition for review before this Court, the claim is deemed waived. See Yueqing Zhang v. Gonzales, 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED to the BIA with directions to order further proceedings in accordance with this order. The pending motion for a stay of removal in this petition is DENIED as moot.